UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JASON COX,                           :

       Petitioner            :       CIVIL ACTION NO. 3:25-1039

    v.                                :              (JUDGE MANNION)

J. GREENE,                           :

       Respondent           :

## MEMORANDUM

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 to challenge the United States Bureau of Prisons' refusal to award time credits towards a federal sentence under the First Step Act ("FSA"). The petition will be dismissed for failure to exhaust administrative remedies.

**I.   BACKGROUND**

Petitioner, Jason Cox, is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal criminal sentence. He filed the instant petition on June 4, 2025, and the court received and docketed his petition on June 10, 2025. (Doc. 1). Cox's petition challenges the United States Bureau of Prisons' refusal to apply time credits towards his sentence that he purportedly earned under the FSA. (*Id.*) He

asserts that the BOP has erroneously treated his conviction as one that precludes him from applying FSA time credits towards his sentence. (*Id.*)

Respondent responded to the petition on July 16, 2025, arguing that it should be dismissed for failure to exhaust administratively or alternatively denied on its merits. (Doc. 7). Cox filed a reply brief on August 22, 2025, making the petition ripe for review. (Doc. 10).

## II. DISCUSSION

This case will be dismissed for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Id.* at 761-62. The BOP has an internal system through which prisoners can request review of nearly any aspect of their imprisonment. *See* 28 C.F.R. §§542.10-.19. The process begins with an informal request to staff and progresses to formal review by

the warden, appeal with the regional director, and—ultimately—final appeal to the BOP's central office. *Id.* §§542.13-.15. No request is considered fully exhausted until reviewed by the central office. *Id.* §542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

Here, respondent has produced evidence showing that Cox failed to exhaust administrative remedies. Cox filed an administrative remedy request challenging the denial of his FSA credits on November 20, 2024. (Doc. 7-2 at 4; Doc. 7-4 at 8).[1] Cox erroneously attempted to appeal directly to the BOP's central office without first filing a regional appeal, and the central office rejected the appeal with instructions to file a regional appeal. (*Id.*) Cox attempted to file a regional appeal approximately two months later, which

---

[1] The court cites the page numbers corresponding to the court's electronic docket.

was rejected as untimely. (*Id.*) Cox did not make any additional attempts to exhaust his administratively remedies. (Doc. 7-4). Cox does not dispute the respondent's contention that he failed to exhaust administrative remedies, but he argues that exhaustion should be excused because his petition presents a question purely of statutory interpretation. (Doc. 10 at 2-3).

Cox's argument is unavailing. Although his claim requires interpretation of a statute, the main thrust of the argument is that the BOP officials made a mistake when reviewing his sentence and his eligibility for FSA credits. This purported mistake is clearly something that could be corrected through the BOP's administrative remedy process. Dismissal of this case is therefore appropriate because Cox failed to exhaust administrative remedies and there is no basis to excuse exhaustion.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 1/20/26
25-1039-01

4